THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **TANISHA RIVERA,**<br><br>       **Plaintiff,**<br><br>v.<br><br>**KIMBERLY BABKA, DOUGLAS LARSEN, BRETT BAWDEN, and RICHARD NYE,**<br><br>       **Defendants.** | **MEMORANDUM DECISION AND ORDER TO AMEND COMPLAINT**<br><br>**Case No. 2:22-cv-00508-JCB**<br><br>**Magistrate Judge Jared C. Bennett** |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment. Before the court is pro se Plaintiff Tanisha Rivera's ("Ms. Rivera") complaint.[1] Ms. Rivera has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915.[2] Accordingly, the court reviews the sufficiency of Ms. Rivera's complaint under the authority of the IFP Statute. For the reasons explained below, the court finds that Ms. Rivera fails to state a plausible claim for relief and, therefore, orders Ms. Rivera to file an amended complaint by November 24, 2022.

---

[1] ECF No. 12.

[2] ECF No. 9.

## BACKGROUND

Ms. Rivera's complaint names as defendants Brett Bawden, Principal of Jackling Elementary in the Granite School District ("Mr. Bawden"); Kimberly Babka, Assistant Principal of Jackling Elementary ("Ms. Babka"); Douglas Larsen, Director of Policy & Legal at Granite School District ("Mr. Larsen"); and Richard Nye, Superintendent at Granite School District ("Mr. Nye").[3]

Ms. Rivera alleges that, "since August 2021, [her] son has been racially bullied by staff and children."[4] She states that "the school neglected [her] child's care and [her] civil right[s] complaint for months. [I]t then escalated to a hostile environment."[5] Ms. Rivera claims that Mr. Bawden "[i]gnored every single complaint/concern regarding the matter," Ms. Babka "told [Ms. Rivera] 'I understand how you feel. I dated a black guy,' after [Ms. Rivera] voic[ed] [her] concerns," and that Mr. Larsen and Mr. Nye "[i]gnored every single complaint."[6] Ms. Rivera alleges that Mr. Bawden and Ms. Babka "bullied, harassed, racially discriminated, racially profiled, and intentionally ignored the [severity] of the bullying taking place for 6+ months."[7] "[Mr. Bawden and Ms. Babka] allowed 2 boys and witnessed the issues with no interference by adults."[8]

---

[3] ECF No. 12 at 2-3.

[4] *Id*. at 3.

[5] *Id*.

[6] *Id*. at 4.

[7] *Id*. at 5.

[8] *Id*.

Based upon these allegations, Ms. Rivera asserts causes of action for (1) "negligence, negligent infliction of emotional distress, reckless disregard," (2) "racial discrimination" and (3) "intentional acts," purportedly under 42 U.S.C. § 1983 and 42 U.S.C. § 1985.[9]

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[10] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[11] Under that standard, the court "look[s] for plausibility in th[e] complaint."[12] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[13] In making this determination, the court accepts all factual allegations as true but does not assume that legal conclusions stated in the complaint are valid.[14]

---

[9] *Id.* at 4.

[10] 28 U.S.C. § 1915(e)(2)(B)(ii).

[11] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[12] *Id.* at 1218 (quotations and citation omitted) (second alteration in original).

[13] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (second and third alterations in original) (other quotations and citation omitted).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[15] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[16] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[17] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the basis for the claims against it.[18] Indeed, the twin purposes of a complaint are to give the opposing party that notice so that it may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[19]

In analyzing Ms. Rivera's complaint, the court is mindful that she is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[20] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[21] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes

---

[15] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[16] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[17] *Id*.

[18] *Twombly*, 550 U.S. at 555.

[19] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

[20] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[21] *Bellmon*, 935 F.2d at 1110.

facts that have not been pleaded."[22] Indeed, as the United States Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[23]

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."[24]

## ANALYSIS

The court orders Ms. Rivera to amend her complaint because, as demonstrated below, Ms. Rivera has failed to state a plausible claim under either 42 U.S.C. § 1983 or § 1985. However, because Ms. Rivera might be able to amend her complaint to cure this issue, the court affords her the opportunity to do so.

---

[22] *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[23] *Bellmon,* 935 F.2d at 1110 (citations omitted).

[24] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

I.      **Ms. Rivera Fails to State a Claim Under 42 U.S.C. § 1983.**

Ms. Rivera's claims do not provide any basis for relief under 42 U.S.C. § 1983. "[T]o state a § 1983 claim, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[25] In liberally construing Ms. Rivera's complaint, it appears that Ms. Rivera asserts that Defendants were constitutionally obligated to protect her child from bullying at school. However, Ms. Rivera has failed to allege that protection from school bullying is a fundamental right. In fact, the Supreme Court has held that only "in certain limited circumstances [does] the Constitution impose [ ] upon the State affirmative duties of care and protection with respect to particular individuals."[26] Additionally, the Tenth Circuit has held that schools do not have an affirmative duty to protect students from assaults from other students, even where the school knew or should have known of the danger presented.[27] Section 1983 does not reach the conduct of purely private persons. Thus, "persons victimized by the tortious conduct of private parties must ordinarily explore other avenues of redress."[28]

Further, even if Ms. Rivera establishes the violation of a federally protected right, she has not established that any Defendant is individually liable based on personal involvement with any alleged constitutional violation.[29] "Supervisory status alone does not create § 1983 liability."[30]

---

[25] *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007) (quotations and citation omitted).

[26] *DeShaney v. Winnebago Cnty. Dep't of Social Servs.*, 489 U.S. 189, 109 (1989).

[27] *Graham v. Independent Sch. Dist. No. I-89*, 22 F.3d 991, 994-95 (10th Cir.).

[28] *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 253 (1st Cir. 1996) (citations omitted).

[29] *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

[30] *Id.*

Instead, "[a] supervisor is not liable under [§ 1983] unless an 'affirmative link' exists between the [constitutional] deprivation and either the supervisor's 'personal participation, his exercise of control or direction, or his failure to supervise.'"[31] Additionally, mere negligence is often insufficient to incur section 1983 liability.[32]

      Most of Ms. Rivera's claims against Defendants appear to be based entirely on supervisory liability. For example, Ms. Rivera states that "[t]he incidents occurred under [Mr. Bawden's] care as a state employee for Granite School District"; "[t]he incidents occurred while [Mr. Larsen] was/is working for Granite School District"; "[Mr. Nye] was aware of the incidents while working for the Granite School District as superintendent over Jackling Elementary"; and "[Ms. Babka] was/is the assistant principal at Jackling Elementary the entire school year this happened."[33] Although Ms. Rivera alleges that Mr. Bawden and Ms. Babka "bullied, harassed, racially discriminated, [and] racially profiled"[34] her child, these are "'naked assertion[s]' devoid of 'further factual enhancement.'"[35] Indeed, from these statements, the court has no ability to assess the alleged facts to determine whether they would rise to the level of plausible discrimination or hostile environment, assuming that those facts are true. Therefore, Ms. Rivera has failed to allege any facts sufficient to show that any of the Defendants were personally involved in any constitutional violation.

---

[31] *Meade v. Grubbs*, 841 F.2d 1512, 1517 (10th Cir. 1988).

[32] *See, e.g.*, *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986).

[33] ECF No. 12 at 2-3.

[34] *Id.* at 5.

[35] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

### II. Ms. Rivera Fails to State a Claim Under 42 U.S.C. § 1985.

Ms. Rivera's section 1985 claim also fails for want of factual support. 42 U.S.C. § 1985 is an anti-conspiracy statute with three subsections. Subsection 1 prohibits conspiracies to prevent government officers from performing their duties. Subsection 2 concerns conspiracies to obstruct justice or intimidate parties to a legal proceeding. Section 3 provides a cause of action against both public and private defendants who conspire to deprive any person of equal protection or equal privileges and immunities under the law or who conspire to prevent a state from providing such equal protection.[36]

Ms. Rivera has not alleged any facts to support a claim of conspiracy under any subsection.[37] Moreover, the court cannot tell, despite applying a liberal reading to Ms. Rivera's allegations, whether she is pleading a claim based on subsections 1, 2, or 3 of section 1985. Accordingly, Ms. Rivera has failed to state a claim under section 1985.

### III. The Court Permits Ms. Rivera to Amend Her Complaint.

Based upon the foregoing analysis, Ms. Rivera has failed to state a claim on which relief may be granted under 42 U.S.C. § 1983 or § 1985. However, Ms. Rivera may be able to cure these deficiencies with adequate allegations in an amended complaint. Therefore, the court orders Ms. Rivera to submit an amended complaint by November 24, 2022. The court will then address

---

[36] 42 U.S.C. § 1985.

[37] *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (to state a valid claim under section 1985, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants."). Further, both Subsections 2 and 3 require an allegation of class-based animus to state a claim. *See, e.g.*, *id.*; *Meyers v. E. Okla. Cnty. Tech. Ctr.*, No. CIV-10-1058-F, 2010 WL 11426648, at *2 (W.D. Okla. Feb. 2, 2010).

whether Ms. Rivera's amended complaint states a claim for relief. If it fails to do so, it will be subject to dismissal with prejudice.

## **CONCLUSION AND ORDER**

The court ORDERS as follows:

1. Ms. Rivera is ordered to file an amended complaint by November 24, 2022. The words "Amended Complaint" should appear in the caption of the document.

2. Once filed, the court will screen the proposed amended complaint under 28 U.S.C. § 1915 and DUCivR 3-2(b).

3. Ms. Rivera's failure to file an amended complaint may result in a recommendation to dismiss this action.

DATED this 25th day of October 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge