THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| TANISHA RIVERA,<br><br>Plaintiff,<br><br>v.<br><br>BRETT BAWDEN,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:22-cv-00508-JCB<br><br><br>Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is pro se Plaintiff Tanisha Rivera's ("Ms. Rivera") amended complaint.[2] Ms. Rivera has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Accordingly, the court reviews the sufficiency of Ms. Rivera's complaint under the authority of the IFP Statute. Upon review, it is evident that Ms. Rivera fails to state plausible claims for relief and that further opportunities to amend would be futile. Accordingly, the court dismisses this action with prejudice.

BACKGROUND

Ms. Rivera's original complaint in this action named as Defendants Brett Bawden, Principal of Jackling Elementary in the Granite School District ("Mr. Bawden"); Kimberly

---

[1] ECF No. 17.

[2] ECF No. 19.

[3] ECF No. 9.

Babka, Assistant Principal of Jackling Elementary ("Ms. Babka"); Douglas Larsen, Director of Policy & Legal at Granite School District ("Mr. Larsen"); and Richard Nye, Superintendent at Granite School District ("Mr. Nye").[4] Ms. Rivera alleged in her complaint that "[s]ince August 2021, [her] son has been racially bullied by staff and children" and that "[t]he school neglected [her] child[']s care and [her] civil right[s] complaint for months."[5] Ms. Rivera alleged that Mr. Bawden and Ms. Babka "bullied, harassed, racially discriminated, racially profiled[,] and intentionally ignored the [severity] of the bullying taking place for 6+ months."[6] "[Mr. Bawden and Ms. Babka] . . . witnessed the issues with no interference by adults."[7] Based upon these allegations, Ms. Rivera asserted causes of action for (1) "[n]egligence, negligent infliction of emotional distress[,] reckless disregard"; (2) "racial d[i]scrimination"; and (3) "[i]ntentional [a]cts," purportedly under 42 U.S.C. § 1983 and 42 U.S.C. § 1985.[8]

In an October 25, 2022 Memorandum Decision and Order, the court reviewed the sufficiency of Ms. Rivera's original complaint under the authority of the IFP Statute.[9] After analyzing each of Ms. Rivera's claims, the court concluded that Ms. Rivera had failed to state a

---

[4] ECF No. 12 at 2–3.

[5] *Id*. at 3.

[6] *Id*. at 5.

[7] *Id.*

[8] *Id*. at 4.

[9] ECF No. 18.

2

plausible claim under either 42 U.S.C. § 1983 or § 1985.[10] However, the court provided Ms. Rivera with an opportunity to amend her complaint to cure these issues.[11]

Ms. Rivera filed an amended complaint—which she entitled as an "Ad[d]endum"—on November 1, 2022, naming Mr. Bawden as the sole Defendant.[12] Ms. Rivera alleges that:[13]

> By acting under the authority or color of state law Bret Bawden denied my son Hayden Rivera the right to an equal oppertunity education by abusing his position of authority by infringing on the rights of my son when he ignored for 6 months and documented the ignorance of racial discrimination and civil rights complaint filed by me.

Later in the amended complaint, Ms. Rivera further elaborates:[14]

> (2) Supporting Facts: Bret Bawden may not have physically called the child a Nigger by witnessing his students and staff do so as their superior acted under the color of law by not addressing the alligations made within a timely mannor. Allowing these acts to continue for an extended amount of time should be
> (1) Count III: equally liable to be sued.

---

[10] *Id*. at 5–8.

[11] *Id*. at 8.

[12] ECF No. 19.

[13] *Id*. at 2.

[14] *Id*. at 4.

Following her form complaint, Ms. Rivera provides a 17-page factual narrative in which she details an ongoing conflict involving her son and two other elementary school students, the conflict's escalation from many others in and out of school, and her allegedly unrequited pleas to school officials for assistance in resolving this conflict.[15] From all of this, Ms. Rivera asserts causes of action for (1) "[t]he right to an equal opportunity education," and (2) "[d]iscrimination," under 42 U.S.C. § 1983.[16] Although the court will not stand for bullying or racism of any kind, it also cannot allow a case to stand that fails to state a claim for relief.

### LEGAL STANDARDS

Under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[17] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[18] Under that standard, the court "accept[s] as true the well pleaded factual allegations and then determine[s] if the plaintiff has provided 'enough facts to state a claim to relief that is plausible on its face.'"[19] "Rather than adjudging whether a claim is

---

[15] *Id.* at 12–29.

[16] *Id.* at 4.

[17] 28 U.S.C. § 1915(e)(2)(B)(ii).

[18] *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007).

[19] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

4

'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[20]

Before dismissing a pro se plaintiff's complaint under the IFP Statute for failure to state a claim, the court must determine whether to give the plaintiff leave to amend the complaint to cure any pleading deficiencies.[21] Indeed, "'[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend.'"[22]

In analyzing Ms. Rivera's complaint, the court is mindful that she is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[23] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[24] Consequently, the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[25]

## ANALYSIS

The court orders dismissal of this action because all of Ms. Rivera's claims fail as a matter of law. As demonstrated below: (I) even if the court liberally construes Ms. Rivera's

---

[20] *Kay*, 500 F.3d at 1218 (quoting *Twombly*, 550 U.S. at 555-56) (alterations in original).

[21] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("[T]he district court should allow a [pro se] plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim.").

[22] *Kay*, 500 F.3d at 1217 (quoting *Curley*, 246 F.3d at 1281).

[23] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[24] *Id.*

[25] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

ambiguous "right to an equal opportunity education" claim as a cause of action under 20 U.S.C. § 1703, which prohibits the denial of equal educational opportunities, she fails to state a claim upon which relief can be granted; and (II) Ms. Rivera fails to state a claim under 42 U.S.C. § 1983 because she has not established that Mr. Bawden is individually liable under section 1983, established the violation of any other federally protected right, or established the violation of the Equal Protection Clause of the Fourteenth Amendment. Additionally, (III) allowing Ms. Rivera to amend her complaint a second time would be futile. Therefore, the court dismisses this action with prejudice.

I. **Ms. Rivera Fails to State a Claim Under 20 U.S.C. § 1703.**

Ms. Rivera has not alleged any factual support for her claim that Mr. Bawden violated her son's right to an equal education. Under federal law, the right to an equal education means the right to be free from segregation based on race, color, sex, or national origin.[26] 20 U.S.C. § 1703 defines segregation as:

> the assignment by an educational agency of a student to a school, other than the one closest to his or her place of residence within the school district in which he or she resides, if the assignment results in a greater degree of segregation of students on the basis of race, color, sex, or national origin among the schools of such an agency than would result if such student were assigned to the school closest to his or her place or residence within the school district of such agency providing the appropriate grade level and type of education for such a student.[27]

---

[26] 20 U.S.C. § 1703; *see also* Brown v. Bd. of Educ. of Topeka, Shawnee Cnty., Kan., 347 U.S. 483 (1954).

[27] 20 U.S.C. § 1703.

Although Ms. Rivera alleges that Mr. Bawden "revoked [her] son's registration for the following year,"[28] she has not alleged that Mr. Bawden "segregated" her son from Jackling Elementary or that Mr. Bawden's decision had anything to do with her son's race, color, sex, or national origin. Even if Mr. Bawden's action or inaction constructively removed Ms. Rivera's son from Jackling Elementary, Ms. Rivera has nevertheless failed to allege that Mr. Bawden "assigned" her son to another school within Granite School District. Therefore, Ms. Rivera does not have a cognizable claim for violation of her son's right to an equal education.

## II. Ms. Rivera Fails to State a Claim Under 42 U.S.C. § 1983.

Ms. Rivera's claims do not provide any basis for relief under 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights.[29] "[T]o state a § 1983 claim, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[30] Ms. Rivera's section 1983 claims fail for three reasons. First, Ms. Rivera has not established that Mr. Bawden is individually liable based on personal involvement with any alleged constitutional violation. Second, Ms. Rivera has failed to allege that protection from school bullying is a fundamental right. Third, Ms. Rivera has not sufficiently pled facts that, if accepted as true, demonstrate a claim of discrimination under the Equal Protection Clause of the Fourteenth Amendment. The court addresses each reason in turn below.

---

[28] ECF No. 19 at 14.
[29] *Albright v. Oliver*, 510 U.S. 266, 271 (1994).
[30] *Bruner v. Baker*, 506 F.3d 1021, 1025–26 (10th Cir. 2007) (quotations and citation omitted).

  A. <u>Ms. Rivera Has Not Established That Mr. Bawden Is Individually Liable Under Section 1983.</u>

To state a section 1983 claim, a plaintiff must show that the alleged constitutional deprivation was *committed by* a person acting under color of state law.[31] Ms. Rivera has not established that Mr. Bawden is individually liable based on personal involvement with any alleged constitutional violation.[32] "Supervisory status alone does not create § 1983 liability."[33] Instead, "[a] supervisor is not liable under section 1983 unless an affirmative link exists between the [constitutional] deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise."[34] Additionally, mere negligence is often insufficient to incur section 1983 liability.[35]

Ms. Rivera's claims against Mr. Bawden fail because they appear to be based on supervisory liability. For example, Ms. Rivera states that Mr. Bawden "witness[ed] his . . . staff" use a racial slur toward Ms. Rivera's child and "as their superior acted under the color of law by not addressing the allegations made within a timely manner."[36] Ms. Rivera concedes that Mr. Bawden "may not have directly and physically engaged in these acts."[37] Therefore, Ms. Rivera

---

[31] *Bruner*, 506 F.3d at 1025–26 (quotations and citation omitted) (emphasis added).

[32] *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

[33] *Id.*

[34] *Meade v. Grubbs*, 841 F.2d 1512, 1527 (10th Cir. 1988) (quotations and citations omitted) (third alteration in original).

[35] *See, e.g.*, *Daniels v. Williams*, 474 U.S. 327, 333–34 (1986).

[36] ECF No. 19 at 4.

[37] ECF No. 19 at 14.

has not alleged any factual support for her claim that Mr. Bawden is individually liable under section 1983. This deficiency alone requires this action's dismissal.

    B.  <u>Ms. Rivera Fails to Establish the Violation of a Federally Protected Right.</u>

Under a liberal construction of Ms. Rivera's complaint, it appears that Ms. Rivera asserts that Mr. Bawden was constitutionally obligated to protect her child from bullying at school. However, Ms. Rivera fails to allege that protection from school bullying is a fundamental right. In fact, the Supreme Court has held that only "in certain limited circumstances [does] the Constitution impose[] upon the State affirmative duties of care and protection with respect to particular individuals."[38] Additionally, the Tenth Circuit has held that schools do not have an affirmative duty to protect students from assaults from other students, even where the school knew or should have known of the danger presented.[39] Section 1983 does not reach the conduct of purely private persons. Thus, to the extent that Ms. Rivera alleges other students bullied her son, she must explore another avenue of redress[40] and cannot sue her school's principal for failing to protect her son.

    C.  <u>Ms. Rivera Fails to State a Claim of Discrimination Under the Equal Protection Clause of the Fourteenth Amendment.</u>

Although it is unclear from Ms. Rivera's complaint what "discrimination" for which she is seeking redress, the court interprets Ms. Rivera's claim of discrimination as a claim under the Equal Protection Clause of the Fourteenth Amendment. However, Ms. Rivera has not sufficiently

---

[38] *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 198 (1989).

[39] *Graham v. Indep. Sch. Dist. No. I-89*, 22 F.3d 991, 994–95 (10th Cir. 1994).

[40] *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 253 (1st Cir. 1996) ("Since § 1983 is aimed at state action and state actors, . . . persons victimized by the tortious conduct of private parties must ordinarily explore other avenues of redress.").

pled facts of discrimination that, if accepted as true, plausibly entitle her to relief under the Equal Protection Clause. "The Equal Protection Clause . . . commands that no State 'shall deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."[41]

Ms. Rivera has not explicitly alleged any facts showing that her son's complaint to Mr. Bawden was treated any differently than complaints from other students[42]—just that Mr. Bawden did not "address[] the allegations made within a timely manner."[43] Ms. Rivera has not given the court any additional information demonstrating that Mr. Bawden's action or inaction was motivated by an intent to discriminate. In fact, Ms. Rivera does not even appear to allege that Mr. Bawden discriminated against her son, but rather, that students and staff under Mr. Bawden's authority did so. As addressed above, Mr. Bawden cannot be held individually liable for these actions. Further, if a school official's actions are reasonably related to legitimate educational reasons, courts will not impose their own judgments on the decisions of the school official.[44] The Supreme Court has long held that courts should not ordinarily "intervene in the resolution of conflicts which arise in the daily operation of school systems."[45] Ms. Rivera has failed to state a

---

[41] *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

[42] *See, e.g.*, *SECSYS, LLC v. Vigil*, 666 F.3d 678, 688 (10th Cir. 2012).

[43] ECF No. 19 at 4.

[44] *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 37–40 (1973).

[45] *Epperson v. Arkansas*, 393 U.S. 97, 104 (1968); *see also Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 507 (1969) ("[T]he Court has repeatedly emphasized . . . the comprehensive authority of the States and of school officials . . . to prescribe and control conduct in the schools.").

claim of discrimination and the court will not evaluate Mr. Bawden's delay in addressing Ms. Rivera's complaint.

### III. Allowing Ms. Rivera to Amend Her Complaint a Second Time Would Be Futile.

Giving Ms. Rivera another opportunity to amend her complaint would be futile. In the court's October 25, 2022 Memorandum Decision and Order—which reviewed the sufficiency of Ms. Rivera's original complaint under the authority of the IFP Statute—the court provided Ms. Rivera with specific reasons showing why the claims in her original complaint were deficient and granted her an opportunity to amend her complaint.

Ms. Rivera's amended complaint fails to cure the deficiencies in the original complaint identified in the court's prior order. The amended complaint concedes that Mr. Bawden had little involvement in any alleged injury to Ms. Rivera's son. Even under a liberal—and generous—reading of Ms. Rivera's claims as causes of action under 20 U.S.C. § 1703 and the Equal Protection Clause of the Fourteenth Amendment, she fails to state claims upon which relief can be granted. Under these circumstances, providing Ms. Rivera with a second chance to amend would be futile, and, therefore, this action is dismissed with prejudice.[46]

---

[46] *Sheldon v. Vermonty*, 269 F.3d 1202, 1207 n.5 (10th Cir. 2001) (explaining that dismissal with prejudice is appropriate where a plaintiff's amended pleadings fail to cure the deficiencies in his claims); *Creamer v. Washburn L. Sch.*, No. 19-CV-2044-CM-TJJ, 2019 WL 2647682, at *3 (D. Kan. Apr. 24, 2019) ("Plaintiff has already filed an Amended Complaint that also fails to state a claim upon which relief may be granted, so it appears it would be futile to allow Plaintiff to amend her complaint again."), *report and recommendation adopted*, No. 19-2044-CM-TJJ, 2019 WL 2646660 (D. Kan. June 27, 2019); *Carey v. Avis Budget Car Rental, LLC*, No. 13-CV-0326-CVE-FHM, 2013 WL 5744754, at *7 (N.D. Okla. Oct. 23, 2013) ("Plaintiff has previously been given leave to amend her complaint. Plaintiff's amended complaint, like her original complaint, fails to state a claim. The Court finds that granting plaintiff leave to amend her complaint a second time would be futile.").

## CONCLUSION AND ORDER

Based upon the foregoing analysis, IT IS HEREBY ORDERED that this action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED this 13th day of December 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge